IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,                      No. CR S-03-0483 WBS GGH P

    vs.

LARRY W. CAMPBELL,               ORDER &amp;

        Movant.                        FINDINGS AND RECOMMENDATIONS

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant, currently on supervised release, challenges his 24-month sentence,[1] pursuant to 18 U.S.C. § 922(g)(8).[2] Motion, p. 1.

---

[1] According to the minutes of the sentencing proceedings, movant, on August 17, 2005, was sentenced to 24 months of imprisonment and 36 months of supervised release. See Docket Entry # 121.

[2] 18 U.S.C. § 922(g): "It shall be unlawful for any person- -.....(8) who is subject to a court order that- - (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(I) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or (9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or

1

Although movant has filed a § 2255 motion, he seeks to collaterally attack the underlying state court civil restraining order, raising four grounds: 1) judicial bias in state courts; 2) lack of jurisdiction by the (state court )Judge Nancy Pollard to issue protective order; 3) movant's mental disabilities (combined with) lack of notice; 4) [violation of] Americans with Disabilities Act (ADA).  Motion, pp. 4-5 and attachments.

Generally, movant contends that Judge Pollard of the Orange County Superior Court was biased against him based on movant's gender and political activism in the form of investigating and trying to remove state court judges for twelve years.  Motion, pp. 7-8.  He also alleges that Judge Pollard deprived him of access to an initial hearing by refusing to comply with a request another judge had approved that movant made pursuant to the ADA.  Id. at 8.  In addition to physical limitations (evidently being legally blind), movant also claims that he lacked the mental ability to comprehend Judge Pollard's protective order and vaguely references a purported lack of notice of the order.  Id. at 4, 14.  All of these claims are directed to the underlying civil restraining order issued by a state court upon which the current federal conviction is predicated.

In the trial court, defendant moved to dismiss the indictment because he alleged (as he does here) that he was denied due process in respect to the state court proceedings in which the restraining order at issue was entered.  The Honorable William B. Shubb held: "The court rejects defendant's arguments not because it finds that defendant received due process at the hearing but because § 922(g)(8) does not permit the court to delve into the hearing procedure to determine whether he received due process."  Order, January 14, 2005 at 3.

On appeal, wherein the judgment in this case was affirmed, the Ninth Circuit panel stated definitively: "The district court did not err by denying Campbell's motion to dismiss the indictment, thereby precluding attack on the underlying state restraining order."

---

possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

See Memorandum to Judgment affirming District Court Judgment by Ninth Circuit Court of Appeals, p. 3, in unpublished opinion, filed on 1/31/07 and in this court on 4/2/07, docket # 137.

In addition, movant cites no authority that the ADA may be used to *collaterally* invalidate a criminal conviction or civil restraining order used as a predicate to subsequent criminal liability, and the court is not aware of any. Such a claim would make no sense. If the Due Process Clause of the Constitution cannot be invoked to perform the collateral attack, it follows that a statute of Congress could not be so utilized either.[3]

Finally, to the extent that movant alleges that he did not receive sufficient notice of the hearing after which the pertinent restraining order was issued, Judge Shubb found after a bench trial that all the predicate requirements of 18 U.S.C. § 922(g)(8) were met. Findings of Fact and Conclusions of Law, August 15, 2005, paras. 66-78.

It is therefore the law of the case that no attack on the underlying state court restraining order can be countenanced, which movant may not seek to subvert by way of a § 2255 motion. The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted). A court may have discretion to depart from the law of the case if: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Alexander, 106 F.3d at 876. None of these exceptions to the law of the case doctrine exist in this case. Therefore, this court must recommend summary dismissal of the motion.

---

[3] In any event, in the Findings of Fact and Conclusions of Law entered after a bench trial, (August 15, 2005, para. 80) Judge Shubb found that the state court did not violate the ADA in any respect.

Accordingly, IT IS ORDERED that the Clerk of the Court shall serve a copy of these Findings and Recommendations, together with a copy of movant's motion, on the United States Attorney or his authorized representative.

IT IS HEREBY RECOMMENDED that the motion to vacate, set aside or correct movant's sentence, filed on April 16, 2008 (# 143), be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, movant may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/30/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
camp0483.ofr